IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FREDERICK BANKS,<br><br>                  Plaintiff,<br><br>v.<br><br>MALISSA JACKSON, et al.,<br><br>                  Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:13-cv-00930-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

On October 16, 2013, *pro se* Plaintiff Frederick Banks, proceeding *in forma pauperis*, filed his Complaint against over forty defendants, including the National Security Agency ("NSA"), "1000 or More Unknown Named NSA Agents" some of which work in the Utah underground intelligence center, several federal judges, the Federal Bureau of Prisons, the United States Postal Inspectors, a case manager's boyfriend—name not specified, the United States Marshal, Attorney General Eric Holder, President Barack Obama, and the United States of America (collectively, "Defendants").  (Compl. 1, ECF No. 3.)  On October 22, 2013, Judge David Nuffer referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)  After carefully reviewing Mr. Banks's Complaint, the Court recommends the District Judge dismiss the case without prejudice pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i), because Mr. Banks's Complaint is frivolous.  Moreover, the Court recommends the District Judge impose filing restrictions as set forth below.

## BACKGROUND

Mr. Banks has an extensive history of filing frivolous complaints in federal district courts across the United States.  In a Northern District of Ohio opinion, the court found that Mr. Banks

1

had filed "over 205 cases" at the district court level in eighteen districts.[1] *Banks v. Pugh*, No. 4:13CV2439, 2014 WL 2442250, at *3 (N.D. Ohio May 30, 2014). Those courts dismissed fifty of the cases as frivolous pursuant to 28 U.S.C. § 1915(e) and another one hundred under what courts commonly refer to as "the three strikes provision of 28 U.S.C. § 1915(g)." *Id.* Under 28 U.S.C. § 1915(g), a prisoner may no longer bring "a civil action or appeal a judgment in a civil action" *in forma pauperis* if he acquires three or more "strikes." In general, a prisoner "obtain[s] a 'strike' against [him] . . . when [his] 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) (citation omitted).

A court in the Western District of Pennsylvania found that "between November of 2004 and July of 2013, Banks [] filed approximately 304 civil actions alleging a litany of constitutional violations and seeking a writ of mandamus and/or monetary relief ranging from $100,000 to hundreds of millions of dollars." *Banks v. Unknown Named No. of U.S. Postal Inspectors*, No. 2:13-cv-1198, 2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013). Courts dismissed many of those cases pursuant to 28 U.S.C. § 1915(e) or (g). *See id.* (breaking down the number of cases dismissed). Mr. Banks himself states that he has "filed over 800 lawsuits against the federal government." (Compl. 1, ECF No. 3.)

---

[1] The eighteen districts are the Northern District of Ohio, the Middle District of Pennsylvania, the Western District of Pennsylvania, the District of Massachusetts, the District of New Jersey, the Eastern District of North Carolina, the District of Columbia, the Western District of Oklahoma, the Eastern District of Arkansas, the Eastern District of Missouri, the Southern District of Mississippi, the District of Alaska, the District of Arizona, the District of Colorado, the Southern District of New York, the Middle District of Florida, the Southern District of Florida, and the District of Utah. *See Pugh*, 2014 WL 2442250, at *3 n.1 (listing cases Mr. Banks participated in for each district).

The Middle District of Pennsylvania, the Western District of Pennsylvania, and the Eastern District of Arkansas have all placed filing restrictions on Mr. Banks.  *See Banks v. Antitrust Div.*, 533 F. App'x 695 (8th Cir. 2013) (affirming and modifying E.D. Ark. filing restrictions); *Banks v. Cessan*, No. 1:14-CV-0955, 2014 WL 2604470, at *1–2 (M.D. Pa. June 11, 2014) (identifying prior restrictions and imposing additional ones); *U.S. Postal Inspectors*, 2013 WL 5945786, at *1 (imposing restrictions).  The Tenth Circuit barred Mr. Banks "from bringing a civil action or an appeal from a judgment in a civil action" *in forma pauperis* now that he had "four strikes" for the purposes of 28 U.S.C. § 1915(g).  *Banks v. U.S. Marshal*, 274 F. App'x 631, 634–35 (10th Cir. 2008) (citation omitted).

Nonetheless, Mr. Banks continues his frivolous filing pattern in this district.  The day after Mr. Banks filed the instant case, Mr. Banks filed another complaint in this district, putting forth similar allegations.  *See Banks v. Nat'l Sec. Agency*, No. 2:13-cv-00931, ECF No. 3.  The district court dismissed the case for failure to prosecute.  *Id.,* ECF No. 10.

Because Mr. Banks proceeds *pro se*, the Court construes his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (noting the need to construe a *pro se* party's pleadings liberally).

Although Mr. Banks styled his Complaint as one for "writ of man damus," (Compl. 1, ECF No. 3), it reads like a civil action complaint and the Court has construed it as such.  Mr. Banks asks the Court to enjoin the NSA and other Defendants from harassing him using "Voice to Skull" technology.  (*Id.*)  He alleges that Defendants conspired "to cover up the fact that Banks is being harassed and . . . to enjoin him from filing and litigating this issue by stating that his claims are fanciful."  (*Id.*)  He also alleges that some Defendants "recommended that Banks be put under the NSA behavioral modification program" due to his "status as a practitioner of Witchcraft."  (*Id.* at

3

2.)  Finally, Mr. Banks alleges that the United States Postal Inspectors and FBI raided his home and stole his vehicle.  *(Id.)*  Mr. Banks asks for $154,010,000 in damages for violations of the Sioux Treaty of 1868, the Little Tucker Act, the First Amendment, the Fourth Amendment, the Fifth Amendment, and the Eighth Amendment.  (*Id.* at 4.)

The Court notes the similarity of these allegations to those in other cases brought by Mr. Banks and dismissed as frivolous.  *See U.S. Postal Inspectors*, 2013 WL 5945786, at *4.  In that case, the court described Mr. Banks's allegations as follows:

> Plaintiff Frederick Banks, who identifies himself as an American Indian, instituted this civil rights action alleging violations of various constitutional rights against 37 defendants for their alleged use of "voice to skull" ("V2S") . . . technology to harass him and prevent him from reporting that the "Defendants" stole his Ferrari 355 while he was incarcerated. In addition to suing "Unknown Named Number of U.S. Postal Inspectors," Banks has also named as Defendants in this action: The United States Postal Inspection Service, David Anderchak, Timothy Pivnichny, Unknown Named Number of FBI Agents, the Federal Bureau of Investigation, Unknown Named Number of BOP Agents operating from FCC Forrect City and other locations, the Federal Bureau of Prisons, the United States of America, Charles Samuels, Eric Holder, Barack Obama, Ken Salizar, the Department of the Interior, the Bureau of Indian Affairs, Unknown Named Number of NSA Agents, the National Security Agency, the Obama Administration, SIS Davenport, Tracie Fenner, Ricky foreman, Malissa Jackson, Paula Husky, Michelle Wingo, Anthony Haynes, Captain Wise, Dr. Phylis Lynn Boules, Dr. Cuccio, Dr. Daniel T. Nellor, Johns, Roberts, Hoberman, Haskin, Terry Norvel, John Jones, Thomas (a BOP agent assigned to the FCC Forrest City low Shu), and U.S. Congressman Mike Doyle.
>
> For relief, Banks seeks a writ of mandamus . . . enjoining Defendants from employing V2S technology, harassing electronic communications and non-lethal weapons against him.  In addition, Banks seeks monetary relief in the amount of $100,000,000.00, plus $27,000.00 in actual damages, and replacement of the stolen vehicle.

*Id. at *2* (citations omitted).

**DISCUSSION**

**A.  Mr. Banks's Complaint is Frivolous**

This Court granted Mr. Banks leave to file his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915.  (ECF No. 2.)  The *in forma pauperis* statute requires a court to "dismiss [a] case at any time if the court determines that" the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  The Supreme Court defined the term "frivolous" in the context of the *in forma pauperis* statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (footnote omitted).  The *in forma pauperis* statute gives courts authority to "dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios."  *Id.* at 327–28.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Mr. Banks's Complaint meets this standard.

Mr. Banks's Complaint alleges "wholly incredible" facts, such as the NSA harassing him using "Voice to Skull" technology and President Obama and Attorney General Holder conspiring with the other Defendants, including a case manger's boyfriend, 1000 or more NSA agents some of which work in the Utah underground intelligence center, Federal Chief District Judge Conti, and Federal Magistrate Judge Lenihan, to prevent Mr. Banks from pursuing his claims in court.  Mr. Banks's  Complaint also "rise[s] to the level of the irrational" when he asks for over $154 million in damages for allegations he has made hundreds of times without success in federal courts across the United States, causing numerous courts to impose filing restrictions on Mr. Banks.  *See*, *e.g.*,

*U.S. Postal Inspectors*, 2013 WL 5945786, at *4–8.  Thus, Mr. Banks's Complaint meets the definition of baseless or frivolous.  Cf. *Hafen v. Carter*, 274 F. App'x 701, 702–03 (10th Cir. 2008) (affirming *sua sponte* dismissal of *in forma pauperis* complaint where *pro se* plaintiff claimed Utah and two co-conspirators had prevented him from using a parcel of land for building a solar city, and he had taken leave from his employment to work with friend, California Governor Schwarzenegger, to help western states with water and power issues).  Therefore, the Court recommends the District Judge dismiss the Complaint as frivolous under the *in forma pauperis* statute.

### B.  Filing Restrictions

This Court has the inherent authority pursuant to 28 U.S.C. § 1651(a) to place filing restrictions upon abusive litigants in appropriate cases.  See *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (citing this statute as basis to place filing restrictions on litigants with a history of harassing opponents).  Although this Court permitted Mr. Banks to proceed *in forma pauperis*, "the Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (citing *In re Sindram*, 498 U.S. 177, 180 (1991)).  "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. at 179–80.

The Court may appropriately impose filing restrictions where the Court: (1) demonstrates the plaintiff's history of abusive actions; (2) "publishes guidelines about what the plaintiff must do to obtain court permission to file an action"; and (3) provides the plaintiff notice and an opportunity to respond to the restrictions.  *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (citation omitted).

The Court has already set forth Mr. Banks's history and pattern of abusive litigation. Based on this abusive behavior, the Court recommends the District Judge impose filing restrictions on Mr. Banks.  *See Harris v. Kammerzell*, 440 F. App'x 627 (10th Cir. 2011) (affirming imposition of filing restrictions where petitioner filed six actions in four different districts putting forth similar allegations even though only one of those actions was filed in the district that imposed filing restrictions); *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained . . . it is entitled to resort to its power of injunction and contempt to protect its process.").  As set forth more fully below, the Court will serve Mr. Banks with a copy of this Report and Recommendation, and he will have an opportunity to object before the District Judge imposes any filing restrictions.

The Court recommends the District Judge impose the following filing restrictions:

1. Mr. Banks may not proceed as a plaintiff in the United States District Court, District of Utah ("District of Utah") unless he is represented by a licensed attorney admitted to practice in the District of Utah or unless he first obtains permission to proceed *pro se*.
2. To obtain permission to proceed *pro se*, he must take the following steps:
   a. File a petition with the clerk of the District of Utah requesting leave to file a *pro se* action, including the following information:
      i. His current mailing address;
      ii. A list of all lawsuits he filed previously in the District of Utah, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the proceeding;

      iii. A list of all lawsuits he currently has pending in the federal court system, including the name, number, and citation, if applicable, of each case, and the current status of the proceeding.

      iv. A list apprising the District of Utah of all outstanding injunctions or orders limiting his access to the federal court system, including orders and injunctions requiring him to seek leave to file matters *pro se*, requiring him to be represented by an attorney, or limiting his ability to proceed *in forma pauperis*, and the name, number, and citation, if applicable, of all such orders or injunctions; and

      v. A copy of this order.

b. File with the clerk of the District of Utah a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis for each issue.  The affidavit also must certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not brought for any improper purpose, and that he will comply with all local rules of the District of Utah.

c. Pay the appropriate filing fee.

d. The clerk of the District of Utah shall forward these documents to a magistrate judge for review.  The magistrate judge will review the documents to determine whether the action has merit and should be filed, or whether it lacks merit, duplicates prior filings, or is frivolous.

e. If the magistrate judge determines the action lacks merit, duplicates prior filings, or is frivolous, the magistrate judge will forward the documents to the Chief District Judge for further review.

f. If, on review, the Chief District Judge determines the action has merit, an order shall be entered indicating the action shall proceed in accordance with the Federal Rules of Civil Procedure and local rules of the District of Utah.  If the Chief District Judge determines the action lacks merit, duplicates prior filings, or is frivolous, the action will not be filed and the filing fee will be returned.

## **RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS the District Judge dismiss Mr. Banks's Complaint without prejudice as frivolous under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i), and impose the filing restrictions set forth above.

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 28th day of April, 2015.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge